6588

### STATE *EX REL.* SMITH v. MATTHEWS.

BOARD OF PHARMACEUTICAL EXAMINERS—PHARMACY—MANDAMUS.—Under sections 1116, 1117, 1118 and 1120, of Code of 1902, the Board of Pharmaceutical Examiners thereby created have the power to investigate the standing of any college of pharmacy in this State and determine if it be a reputable college, and if it decides it is not to refuse a license to practice pharmacy in this State to one holding a diploma therefrom. This action involves the exercise of discretion and is not subject to review by this Court in mandamus, unless it be shown the board failed to exercise a reasonable discretion.

Application for writ of mandamus in the original jurisdiction of this Court by W. H. Smith against O. A. Matthews *et al.,* constituting the Board of Pharmaceutical Examiners for this State.

*Mr. Mullins,* for petitioner.

*Messrs. Frank B. Gary* and *P. H. Nelson,* contra.

July 11, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an application to the Court, in the exercise of its original jurisdiction, for a writ of man-

damus, requiring the respondent to issue to the petitioner
a license to practice pharmacy, as provided by section 1120
of the Code of Laws.

The petition alleges:

I. "That the Pharmaceutical Association of South Caro-
lina is a corporation under the laws of said State.

II. "That the above named respondents, O. A. Matthews,
Frank M. Smith, H. M. Sandifer, H. E. Heinitsh, Jr., J. G.
DeLorme and O. Y. Owings, constitute the Board of Phar-
maceutical Examiners for the State of South Carolina, and
as such are entrusted with the power of granting and with-
holding pharmaceutical licenses in said State; that the
respondents, O. A. Matthews and Frank M. Smith are,
respectively, the chairman and secretary of said board.

III. "That the said relator is a graduate of the Medical
College of the State of South Carolina, department of phar-
macy, with the degree of Ph. G.; that he graduated from
said college on the 19th day of April, 1905, and he herewith
attaches a certificate of graduation as a part of this petition.

IV. "That the said relator duly applied to said Board of
Examiners, as prescribed by law, for a license to practice
pharmacy in the State of South Carolina; that he filed his
application, together with a fee of five dollars, and a certifi-
cate of his graduation from said college, on the 21st day of
November, 1906, with the secretary of said board; that said
board has refused and still refuses to issue said license to
this relator.

V. "That said relator is advised that he is entitled to a
license to practice pharmacy in this State by reason of his
being a graduate of the Medical College of the State of
South Carolina, department of pharmacy, which said college
is a chartered institution of the State of South Carolina, and
is believed by relator to be a reputable one in every respect;
that said relator is advised that he is entitled to said license
under section 1120 of the laws of the State of South Caro-
lina, Code of 1902, volume 1.

VI. "That the said relator has demanded of said board that he be allowed to stand an examination for said license, but that said board has refused and still refuses to allow him to do so."

A rule to show cause was served upon the respondents, whereupon they made the following return:

I. "That they deny the allegations of paragraph VI, of the petition herein.

II. "That these respondents acted upon the application of the said W. H. Smith for a license to practice pharmacy, and in obedience to which it conceives to be its duty, rejected the said application because this board considers that the college from which the said Smith received his diploma, is not a reputable college. That these respondents are informed and believe that the college from which the said Smith received his diploma, does not require as a prerequisite to receiving a diploma in pharmacy, that the candidate for a diploma shall have had such practical experience in handling drugs, &c., as to make it safe to the public that he should be granted a license to practice pharmacy.

III. "That your respondents are informed and believe, that in determining that the said Smith had not presented a diploma from a reputable college, it acted judicially; and that the duties of the said board are not plain ministerial duties, but duties calling for the exercise of judgment and discretion, the performance of which may not be compelled by mandamus.

IV. "That this board has not denied to the said W. H. Smith the right to have an examination before it, but accords him that right, and should he fulfill the requirements of such examination he will be granted a license as provided by law."

The petitioner demurred to the return for insufficiency, and thereafter the attorneys of the respective parties agreed upon the following order, which was signed:

"It having been stated in open Court, that the Board of Pharmaceutical Examiners for the State of South Carolina

desire a judicial construction of the statutes herein involved, by agreement between the attorneys for the relator and the attorneys for the said board,

"It is ordered that the following question alone shall be determined by this Court, to wit: That when a diploma is presented to the said board from a college of pharmacy of this State, has the board the authority to investigate the standing of such college and ascertain whether or not it is a reputable one, as in this case; and if the board hold it is not a reputable college, has the board the right to refuse a license to practice pharmacy to a graduate of such institution? To this end, the papers are herewith submitted to the Court."

Section 1116 of the Code of Laws creates "The Board of Pharmaceutical Examiners."

Section 1117 provides that "said board shall alone possess and exercise the powers of granting and withholding or vacating the license of pharmaceutists, apothecaries and druggists."

Section 1118 sets forth the manner in which a license shall be granted when the applicant stands an examination, by and before the board.

Section 1120 is as follows: "No examination shall be required in case the applicant is a regular graduate in pharmacy from any reputable college; but such applicant shall be entitled to a license upon furnishing evidence of his graduation satisfactory to the said board, and upon payment of a fee of five dollars." * * *

The right of the petitioner to a license depended, not only upon the fact that he was a regular graduate in pharmacy from a college, but it was likewise essential that such college should be reputable. The clear intention of the statute was to vest in the board the power to determine whether the college from which the applicant became a regular graduate in pharmacy was reputable. This involves the exercise of a discretionary right on the part of the board, and is not subject to control or review by this Court in mandamus pro-

ceedings, except upon evidence convincing the Court that the Board of Pharmaceutical Examiners has failed to exercise a reasonable discretion and arbitrarily refused a license to petitioner, as a graduate of the College of Charleston. The issue agreed upon presents to the Court the sole question whether the board has any discretion to investigate the standing of a college, and ascertain whether it is reputable, and this question must be answered in the affirmative.

We wish it distinctly understood, that the refusal to grant the relief for which the petitioner prays, is not intended to reflect, in any manner, upon the Medical College of the State of South Carolina; the question whether it is a reputable college is not before this Court for consideration.

It is the judgment of this Court, that the application be refused, and the petition dismissed.