[Civ. No. 7798. Second Appellate District, Division One.—November 6, 1933.]

MAXIMILIAN L. HERZIG, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

M. L. Herzig, *in pro. per.*, for Appellant.

Richard M. Lyman, Jr., Otto J. Emme and Bayard R. Rountree for Respondents.

YORK, J.—This is an appeal from a judgment denying petition for a writ of mandate to compel respondents to issue to petitioner a license to practice medicine and surgery in the state of California. It appears from the record that petitioner under date of September 26, 1929, made application for a so-called reciprocity license to practice medicine in California and that, under date of October 2, 1929, he filed an amended application for such license, which showed that he had spent six years in the study of medicine and surgery, to wit: from September, 1909, to and including July, 1913, at the National Medical University of Chicago, Illinois; from October, 1916, to February 3, 1919, at the St. Louis College of Physicians and Surgeons and from the fall of 1924 to the fall of 1925 at the Royal University of Naples, Italy; that he received the degree of doctor of medicine from each school; that his application for reciprocity license in California is based upon a license to practice medicine in Nevada, dated November 10, 1925, which was issued after written examination held in the state of Nevada on November 2, 1925, and that, in addition, petitioner holds licenses to practice medicine in the states of Washington and Texas.

It also appears that the respondent Board of Medical Examiners refused to issue said reciprocity license owing to the fact that on February 18, 1924, it had refused recognition to credentials of any nature from the National Medical University of Chicago, and on the same day had disapproved the St. Louis College of Physicians and Surgeons. It was further shown that a reciprocity contract had been entered into between the respondent board and the Board of Medical Examiners of the State of Nevada under the terms of which each state was allowed to require satisfactory proof of a course of instruction in a school recognized or approved by each board, upon applications for reciprocity licenses based upon a certificate issued by the other contracting state.

Appellant contends upon this appeal that the court erred and abused its discretion in entering any judgment in denial of the writ of mandate; that the decision and judgment are against the evidence; that the court erred in the admission of evidence and in excluding evidence offered by appellant; that the findings were contrary to the issues, the admitted pleadings, the evidence and the law; that the court erred in refusing to vacate the judgment and in refusing to grant a new trial; that the court and respondent board erred and abused their discretion in denying a reciprocity certificate contrary to the provisions of the Medical Practice Act.

█ There was no prejudicial error in any of the rulings complained of, and the evidence clearly shows that petitioner was unable to comply with the requirements of the Medical Practice Act, as amended June 15, 1929 (Stats. 1929, p. 1701; Deering's Gen. Laws, 1931 ed., Act 4807, at p. 2350), section 9 of which requires an applicant to file "a diploma or diplomas issued by some legally chartered school or schools approved by the board, the requirements of which school or schools shall have been at the time of granting such diploma or diplomas in no degree less than those required under this act". Under the circumstances, we are of the opinion that there was no abuse of discretion either on the part of the Board of Medical Examiners in refusing to issue the certificate or on the part of the trial judge in refusing to grant the petition for writ of mandate. The evidence shows that appellant is not entitled to have the Board of Medical Examiners issue to him a license to practice without first passing the required examination.

The appeal from the order denying motion for a new trial is dismissed. The judgment appealed from is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. Several of the specifications of error in admission of evidence and exclusion of evidence offered, are entirely without merit. Such errors as did occur were not so far prejudicial as to affect the merits of the case. For example, the minutes of the board which were admitted in evidence contain some matters not relevant to the issue. But they were minutes which were admissible for the purpose of showing the action of the board upon appellant's application, together with the record of whatever the board had before it

at the time when it made the order refusing to issue the certificate demanded by appellant. The court appears to have received all evidence necessary to a full and fair presentation of the case.

The required conditions for the issuance of a reciprocity certificate to practice medicine and surgery as existing on the twenty-first day of October, 1929, when appellant's application was denied by respondent board, are found in section 13 of the State Medical Practice Act, as amended June 15, 1929. (Stats. 1929, p. 1701; Deering's Gen. Laws, 1931 ed., Act 4807, at p. 2360 et seq.) The section provides for the issuance of what are called reciprocity certificates, to licensees of other states, where the prescribed reciprocity agreements have been made, and where the conditions authorizing the issuance of such reciprocity certificates in this state have been found to exist. There is a reciprocity agreement between the state of California and the state of Nevada. Under the agreement and the law applicable thereto, the Board of Medical Examiners is authorized to make independent investigation of the educational qualifications of the applicant. In presenting an application supported by certificate from another state, the applicant must furnish satisfactory evidence that the requirements of the board which issued the certificate thus presented were not at the time such certificate was issued in any degree or particular less than those required for the issuance of a certificate in the state of California. Otherwise, the applicant will not be entitled to practice in this state without examination. Among other things, it is provided that the requirements from the college from which such applicant may have graduated, and the requirements of the board from which the offered certificate was issued, "shall not have been at the time such certificate was issued, in any degree or particular less than those which were required for the issuance of a similar certificate to practice a system or mode of treating the sick or afflicted in the State of California at the date of the issuance of such certificate".

It will thus be seen that a broad discretion is vested in the Board of Medical Examiners of the State of California in the matter of granting reciprocity certificates, particularly where such certificates are to be accepted without direct examination of the applicant as to his qualifications.

The application of the petitioner (appellant here) was accompanied by evidence that he had obtained a diploma showing graduation from the National Medical University of Chicago in the year 1913, and from the St. Louis College of Physicians and Surgeons in the year 1919. But the record shows that on the 18th day of February, 1924, orders were made by the Board of Medical Examiners of the State of California, refusing recognition to each of those institutions. Some evidence was introduced to show that certain reciprocity certificates to holders of diplomas from those institutions were granted by respondent board after February 18, 1924. In most of those instances, if not all, evidence was introduced to show that these exceptions were justified by the particular circumstances of those cases; as for instance, when it appeared that a diploma was issued in 1892, whereas the resolution refusing recognition was by its terms effective only as against certificates issued in 1907 and thereafter. I think that these particular instances were not sufficient to overcome the effect of the formal resolutions adopted and maintained in force by respondents.

But it further appears that appellant had obtained and presented with his application a diploma showing graduation from the Royal University of Naples, Italy, in the year 1925, and that a diploma from this institution would have been acceptable to respondents as a sufficient credential, except for the fact that petitioner had attended that institution for only one year, and that the board was not satisfied with the basis upon which such advanced standing had been obtained. In this respect the action of the board was based upon evidence from which it concluded that far the greater part of the applicant's training, and the credentials evidencing such training were received from institutions which were not approved, and were not entitled to credit in estimating the qualifications of the applicant. In this respect the decision of the board appears to be justified by section 10 of the Medical Practice Act, which provides that applicants for any form of certificate shall file satisfactory evidence of having pursued in any legally chartered school or schools approved by the board, a course of instruction covering a total of at least four thousand hours and including stated minimum requirements. From the evidence presented the board inferred, and it seems

very properly inferred, that the applicant has not complied with this requirement.

For the foregoing reasons I have reached the conclusion that the judgment should be affirmed.

Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1934.