FRANK S. COOPER, RELATOR, v. STATE BOARD OF VET-
ERINARY MEDICAL EXAMINERS OF THE STATE OF
NEW JERSEY, RESPONDENT.

Argued May 1, 1934—Decided November 7, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the relator, *Lionel P. Kristeller* (*Jacob L. Newman*
and *Saul J. Zucker,* on the brief).

For the respondent, *David T. Wilentz,* attorney-general
(*Robert Peacock,* assistant attorney-general).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The relator holds an alternative
writ of *mandamus;* a return was made, to which relator
demurred. On the pleadings and issue raised the relator
seeks a peremptory writ to compel the New Jersey state board
of veterinary medical examiners to issue him a veterinary
license to practice such calling in this state on the strength
of a license issued him by the Veterinary Examiners Board of
the State of Indiana, which permitted him to practice as a
veterinarian in that state.

The facts have been stipulated and, briefly, they are that the applicant is now a resident of New Jersey; that he engaged in the practice of veterinary medicine, &c., in the State of Indiana prior to January 23d, 1902, on which date he received a certificate from that state; that he practiced his profession in Indiana until August, 1931; that in the year 1911, the legislature of Indiana amended its statute on veterinary practice to the effect that from and after that year all such veterinarians, licensed in the State of Indiana, were required to register and reregister for two-year periods and all persons practicing as veterinarians for eight years prior to 1911 were duly licensed under that statute to practice without further examination; that the relator came within the provisions of that statute and received license to practice, which license continues in full force and effect and is valid in the State of Indiana.

The relator, in June, 1932, applied to the state board of veterinary medical examiners of the State of New Jersey for a license, claiming that under our statute entitled, "An act to regulate the practice of veterinary medicine, surgery and dentistry in the State of New Jersey, to license veterinarians and to punish persons violating the provisions thereof" (*Pamph. L.* 1902, *p.* 36; 4 *Comp. Stat., p.* 5707), and the acts amendatory thereof and supplemental thereto, he was entitled thereto. The New Jersey board denied him a license on the ground that his qualifications did not meet the requirements of the New Jersey statute and that he was not a graduate of a recognized veterinary college. The relator has a diploma from a correspondence school in Canada. These several matters are set out in detail in the return to the alternative writ.

Accompanying the relator's application to the New Jersey board there was an affidavit made by the secretary of the veterinary examining board of the State of Indiana, certifying that since 1912 applicants for veterinary license in Indiana are required to pass an examination in certain subjects, which are detailed, which the affiant declares are substantially the same as those subjects required by the State of

New Jersey for a license "but that the above [subjects] were not required at the time Frank S. Cooper [relator] obtained his license in Indiana in 1902," &c. As to this the return admits that the affidavit of the secretary of the Indiana board *alleges* that the requirements of Indiana and New Jersey are substantially the same but it denies that they are *in fact* the same. It further avers that the said applicant is a non-graduate licensee of Indiana and that he has not pursued the study of veterinary medicine for at least three years, including three regular courses of lectures of at least six months each, in different years, in a legally incorporated veterinary college or university prior to the granting of the diploma, as is required by the New Jersey statute; further, that the school from which the applicant was graduated is a school that is not approved within the meaning of our statute. All this is admitted by the relator.

Turning to the statute, it is apparent that section 6, upon which the applicant relies, contemplates three classes of persons. The first part of the section reads as follows:

"From and after the first Monday in May, one thousand nine hundred and two, any person not hereinbefore registered to practice veterinary medicine, surgery and dentistry in this state, or (*sic*) desiring to enter upon such practice, shall deliver to the secretary of the veterinary medical board, upon a payment of a fee of ten dollars, a written application for license, together with satisfactory proof that the applicant is more than twenty-one years of age, is of good moral character, has obtained a competent school education and has received a diploma conferring the degree of veterinary medicine from some legally incorporated veterinary college or university of the United States, or a diploma or license conferring the full right to practice all the branches of veterinary science in some foreign country (which, in the opinion of said court, was in good standing at the time of issuing said diploma) * * *."

For the sake of clarity, this part of section 6 will be referred to as the first provision thereof. It prescribes the conditions that must be complied with by applicants who have

not, prior to its enactment, been registered to practice veterinary medicine but whose education had been completed before the statute went into effect and who seek a license.

The second provision of the section continues as follows: "* * * applicants who shall have received their degree in veterinary medicine after the first Monday or May, one thousand nine hundred and two, must have pursued the study of veterinary medicine for at least three years including three regular courses of lectures of at least six months each in different·years, in some legally incorporated veterinary college or university, prior to the granting of said diploma or foreign license, such proof shall be made, if required, upon affidavits; upon making the said payment and exhibiting the before-named proof, the examining board, if satisfied with the same, shall issue to such applicant an order for examination; in case of failure at such examination, the candidate, after the expiration of six months and within two years, shall have the privilege of a second examination by the board of veterinary medical examiners, without the payment of an additional fee; * * *."

Herein is comprehended that class of persons who have completed their studies after the first Monday of May, 1902, and there is set forth the quality of educational requirement. Those coming within its purview must have had the particular training prescribed before being *entitled* to take an examination for license. This provision does not affect the relator.

It is the third and last provision of this section upon which the relator relies, and the language is as follows: "* * * and it is further provided, that applicants examined and licensed by the state board of veterinary medical examiners of other states, on payment of a fee of ten dollars to the examining board of this state, and on filing in the office of said board a copy of said license, certified by the affidavit of the president or secretary of the board of such other state, showing also that the standard of the examination and other requirements adopted by that state board of veterinary medical examiners is substantially the same as that provided for by this act, shall without further examina-

tion, receive a license conferring upon the holder thereof all the rights and privileges provided by sections four and six of this act."

Whatever rights the relator has arise out of this last provision. The language must be construed to accomplish the legislative purpose, and it is plain that the provisions of the section just quoted apply to those who hold the license of another state and desire to be licensed here on the strength of such foreign license. But what our statute requires is that "the standard of *examination* and other requirements" in such other state shall be the same, substantially, as that provided for by this act. Our statute requires, among other things, that the applicant shall have "received a diploma conferring the degree of veterinary medicine from some legally incorporated veterinary college or university of the United States, or a diploma or license conferring the full right to practice all the branches of veterinary science in some foreign country (which, in the opinion of said board, was in good standing at the time of issuing said diploma) * * *." The relator fails to show that he has such degree of veterinary medicine from a legally incorporated veterinary college, his training having been acquired in a Canadian correspondence school, which is not recognized as an approved school by the New Jersey veterinary board. The statute also requires that the standard of examination in the foreign state shall be substantially the same as ours. The relator has never passed any examination for license.

The relator argues that the mere certification by affidavit, that the standards in each state since the year 1912 are the same, is sufficient to compel the issuance of a license.

It may be admitted that the standard since 1912 is the same. But this, in our view, is immaterial. The proper construction of the statute seems to require that the relator, in order to obtain his license to practice veterinary medicine now, must show at least that he has complied with the requirements of the first provision of section 6 of the statute, as indicated above. That he does not come within its purview is manifest from what has been said above. It is likewise

apparent that he does not come within the provision of the third section since he never passed an examination in the State of Indiana and since it does not appear in the case that the requirements in Indiana, in 1902, were the same as those presently required in New Jersey.

Adverting again to the first provision of the section in question, it is apparent that the New Jersey board has the right to determine whether the school from which the applicant received his diploma was in good standing at the time of its issuance. It has determined that it was not and this is a proper delegation of discretion. *College of Mecca of Chiropractic* v. *State Board of Medical Examiners,* 113 *N. J. L.* 327.

In interpreting statutes the object should be to ascertain and give effect to the intention of the legislature. *Clarkson* v. *Ley,* 106 *N. J. L.* 380. Courts, under these circumstances, look to the substance of the statute rather than to the form. *McCarthy* v. *Walters,* 107 *Id.* 223. It is the intention rather than the letter of the law that should prevail. *Associates of Jersey Co.* v. *Davison,* 29 *Id.* 415. The statutory construction should be reasonable. *Hart* v. *Central Railroad,* 9 *N. J. Mis. R.* 121.

The respondent argues that the relator's review of the denial to issue him license should have been by *certiorari* rather than *mandamus.* We do not pass upon the point, preferring to consider the questions involved on their merits.

The court's peremptory *mandamus* issues only when the facts are undisputed and the legal right clear.

Since, therefore, the relator relies upon the provisions of the statute, and since that portion of section 6, upon which he relies, clearly comprehends that he shall have been examined in the state whose license the state veterinary board of New Jersey is asked to honor, and since it appears that he has not been so examined, and since further, the statute, as we think, requires that the preliminary educational requirement shall be substantially the same, and here apparently it is not, the relator cannot prevail.

Judgment for respondent, with costs.