16177

LAKE v. MERCER *ET AL.*

(51 S. E. (2d) 742)

190

*Messrs. W. E. Bowen, C. Victor Pyle and J. G. Leather-wood,* all of Greenville, *for Appellant,*

*Messrs. John M. Daniel,* Attorney General, *and T. C. Callison* and *J. Monroe Fulmer,* Assistant Attorneys General, all of Columbia, *for Respondents,*

February 2, 1949.

FISHBURNE, Justice.

This is a mandamus proceeding to require the South Carolina Board of Chiropractic Examiners to issue a license to the plaintiff-appellant to practice his profession in this State. The circuit court, upon motion, struck certain matters from the complaint on the ground that they were irrelevant, immaterial and evidentiary. The appeal challenges the correctness of this order.

The statute law of this state, Code Section 5250-1, provides for the creation of a board of chiropractic examiners, to be known as the South Carolina Board of Examiners. The law further provides, Section 5250-2, as amended by the 1944 Acts, Act March 20, 1944, 43 St. at Large, page 1373:

"No person shall be granted a license to engage in the practice of chiropractic in this State unless such applicant therefor shall be a graduate of a school or college of chiropractic accredited by the South Carolina Board of Chiropractic Examiners and shall have received a minimum of four years training in such school or college."

It is further provided, Section 5250-4:

"Any person of good moral character licensed by a chiropractic board of any other state whose requirements are commensurate with the requirements of this board, upon the

payment of Forty ($40.00) Dollars, shall be granted a license to practice in this State."

The complaint sets forth that the appellant, a resident of the city of Atlanta, a graduate of the Palmer School of Chiropractice with a total of 3,796 hours of study, and the holder of a chiropractic license from the Kentucky Board of Chiropractice Examiners, applied to the respondent, the South Carolina Board of Chiropractic Examiners, for a license to practice chiropractic in this state, basing his application upon the Kentucky license by way of reciprocity. The application was refused by respondents upon the ground that appellant did not have a sufficient number of hours of study to his credit. It is further alleged that appellant is fully qualified under the laws of South Carolina, the rules and regulations adopted by respondents, and on the basis of appellant's Kentucky license, to be licensed to practice chiropractic in South Carolina. And it is charged that respondents in their official capacity as members of the Board, acted arbitrarily, capriciously and discriminatorily in refusing to issue the license to appellant as applied for.

The motion to strike and the order issued thereon, do not relate to the foregoing allegations of the complaint, but have direct reference to the allegations contained in subsections (a), (b) and (c) of paragraph 2 thereof. This paragraph is introduced by the allegation that the board acted capriciously and arbitrarily in the discharge of their official duties concerning the issuance of certain other licenses; all of which allegations the circuit court held to be immaterial, irrelevant and evidentiary.

Sub-section (a) of paragraph 2 ot the complaint deals with matters entirely extraneous to appellant's cause of action. The allegations therein relate to what the state board of chiropractic examiners, or a former board, did with reference to the cancellation and reissuance on prior occasions of chiropractic licenses to two other persons.

Sub-section (b) contains allegations constituting an exposure of certain so-called chiropractic schools and colleges in fraudulently granting diplomas, and again names one of the persons already referred to as having been issued a license by one of these discredited schools upon the faith of which he had been granted a license to practice chiropractic in South Carolina. It appears from the complaint that this license was subsequently cancelled by the South Carolina Board. Attached to the complaint and incorporated as a part of sub-section (b) are lengthy excerpts from testimony taken in a case in the state of Delaware, together with nine or more letters having reference to an alleged fraudulent college operating in another state which is styled in the complaint as a "diploma mill".

Sub-section (c) contains allegations setting forth that a license to practice chiropractic in this state was issued by respondents to a certain named applicant who occupied practically the same status as the appellant. That such applicant was likewise a graduate of the Palmer School of Chiropractic, and held a chiropractic license from the Kentucky Board of Chiropractic Examiners. It appears from the complaint, however, that this allegedly favored applicant had completed a greater number of study hours than the appellant.

We think it entirely clear that the allegations to which we have drawn attention, in sub-sections (a), (b), and (c), even if proved, would throw no light upon the qualifications possessed by appellant to practice chiropractic in this state. If the action of the South Carolina Board was arbitrary, capricious, or constituted an abuse of discretion, in dealing with and passing upon the matters set forth in these sub-sections, such conduct could have no bearing upon the right of appellant to be licensed as a chiropractic. The allegations of these sub-sections constitute no part of appellant's cause of action. Such allegations are foreign to the issue as to whether or not appellant should be granted a license.

While the order of the lower court strikes out the afore-mentioned sub-sections as being evidentiary, we are in accord with the holding of that court that the allegations contained in these sub-sections are wholly immaterial and irrelevant.

An applicant for a writ of mandamus must have a clear right to the performance of the act sought to be enforced, and there must be a legal duty resting upon the respondent to perform it. The burden is upon the applicant to show that he has performed every prerequisite condition necessary to compel such action. If the duty in question is discretionary, the burden rests upon him of showing an arbitrary exercise or abuse of such discretion. Where, however, the right and the duty appear, the burden of proving matter set up by way of excuse or for failure to act, or which justify such failure to act, rests upon the respondent. 35 Am. Jur., Sec. 377, Page 115. If the applicant establishes the prerequisite conditions, the license must be granted.

Where under the terms of the statute and the particular facts and circumstances the issuance of a license is regarded as discretionary, mandamus will not lie to compel its issuance, and this rule has been applied as to a license to practice pharmacy. *Mauldin v. Matthews,* 81 S. C. 414, 62 S. E. 695, 128 Am. St. Rep. 919. However, even under this view, mandamus will lie where the refusal of a license is arbitrary, unreasonable, and an abuse of discretion.

In *State ex rel. Smith v. Matthews,* 77 S. C. 357, 57 S. E. 1099, it was held that the applicable statute confers on the (pharmaceutical) board of examiners the power to determine whether the college from which the applicant graduated is reputable, that the power involves the exercise of discretion not subject to control or review by mandamus, except where it clearly appears the board has failed to exercise reasonable discretion and has arbitrarily

refused a license. To the same effect is 55 C. J. S., Mandamus, § 156, Page 305; 34 Am. Jur., Sec. 189, Page 963; Annotation, 125 Am. St. Rep. 492, 516.

From the views expressed, it follows that the order of the circuit court must be affirmed.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.