16329

LAKE v. MERCER *ET AL.*

(58 S. E. (2d) 336)

392

*Messrs. W. E. Bowen and C. Victor Pyle,* of Greenville, *for Appellant,*

*Messrs. John M. Daniel, Attorney General,* of Columbia, and *T. C. Callison, Ass't. Attorney General,* of Columbia, *for Respondents,*

March 15, 1950.

STUKES, Justice.

Appellant brought mandamus proceedings in the Court of Common Pleas for Greenville County against the respondents who compose the State Board of Chiropractic Examiners, to require the issuance of a license to practice. The case was here before on the pleadings and the decision is reported under the above title in 214 S. C. 189, 51 S. E. (2d) 742. It contains statement of the applicable law, which, except the statute, will not be repeated. The reader should refer to it.

The pertinent statute was amended in 1944 by Act No. 503, 43 Stat. 1373, and the requirement for license contained in section 5250-2 of the Code of 1942 of three years professional college training was changed to four, to read as follows: "Section 5250-2. No person shall be granted a license to engage in the practice of chiropractic in this State unless such applicant therefor shall be a graduate of a school or college of Chiropractic accredited by the South Carolina Board of Chiropractic Examiners and shall have received a minimum of four years training in such school or college."

Appellant sought license without examination perforce his previously acquired license to practice in Kentucky. On that subject the governing statute is: "5250-4. Reciprocal registration—fee.—Any person of good moral character licensed by a chiropractic board of any other state whose requirements are commensurate with the requirements of this board, upon the payment of forty ($40.00) dollars, shall be granted a license to practice in this State."

However, it was demonstrated by the evidence, as will appear, that Kentucky's requirements were not commensurate with ours because that State granted license without completion by appellant of the minimum four years college training which is requisite under our law.

Application was made January 17, 1948, accompanied by diploma from The Palmer School of Chiropractic, dated

July 17, 1947, whereby degree of Doctor of Chiropractic was conferred upon appellant but written on the face of the document was the following: "Three-Year Course." There was also presented a statement of the school that appellant had enrolled on January 3, 1946, and interrupted his training on Oct. 13, 1947, completing 3796 45-minute hours of training; and also the aforementioned license from the Kentucky State Board of Chiropractic Examiners, dated Nov. 22, 1947, whereby appellant was admitted to practice in that State. He has subsequently been licensed in the State of Georgia where he lives.

From these exhibits and the testimony of appellant it appears that he was awarded the diploma after about eighteen months of instruction, graduated in July, 1947, and was in the office of his father, also a chiropractor, in Atlanta until the latter's death in November following, but meanwhile returned to the Palmer School for postgraduate study until October, whereby he compiled the aforementioned total hours. The evidence is not clear with respect to the length of the last period of study but it was necessarily brief, in view of the stated chronology.

The refusal of the Board was upon the ground that the appellant had not had instruction of sufficient duration to qualify for license under the statute and, in our opinion, the action should not be reversed by mandamus.

The statute unequivocally requires graduation upon a minimum of four years training in school or college. College years are commonly known to be about nine months in length, with three months' vacation between them. Thus four years of college is equivalent to about thirty-six months. A contraction of that to eighteen or nineteen months, even without interruption for a vacation period, is plainly not the standard prescribed by the statute. The diploma presented only purports to represent three years study and appellant testified thereabout as follows:

"Q. I mean regardless of how much time it took or how little, you did the work necessary for a 3-year diploma?

"A. That is correct.

"Q. But you didn't do the work necessary for a 4-year course?

"A. No, sir."

Appellant's effort was to convert years (the statute) into hours and qualify for license under a rule of the Board which he introduced in evidence, in part as follows: "In order to gain recognition by this Board of Examiners, a school or college of Chiropractic must teach a standard curriculum consisting of a minimum of four years, of not less than thirty-six hundred hours, an hour to consist of not less than forty-five minutes. The course must be of non-repetitious instruction. A school transcript of credits must accompany application, together with high school and Chiropractic diplomas or photographs of same."

If this may be construed to reduce the minimum requirement of the statute it is of course ineffective to that extent at least. Moreover, to have the effect of law it must have been filed in the office of the Secretary of State and published, of which there is no record. Code, § 2118-3. See *Davis v. Query,* 209 S. C. 41, 39 S. E. (2d) 117.

In attempted support of his complaint appellant produced as witnesses two others from whose testimony it appears were licensed by reciprocity at about the time that he was refused, upon three-year diplomas and with less "hours"; but that, if competent under our former decision, is irrelevant upon the question of appellant's qualifications. The fact, if it be conceded, that the Board failed to enforce the law in other cases is no reason for judicial coercion to another violation, which this would clearly be.

Appellant presented five questions in his brief but it has not been necessary to state and discuss them separately. All

of them have been disposed of by what has been said, adversely to him.

Judgment affirmed.

FISHBURNE, TAYLOR, OXNER, JJ., and L. D. LIDE, A. A. J., concur.

BAKER, C. J., not participating.