## TEXAS STATE BOARD OF PHARMACY v. BAKER.

### No. 2909.

Court of Civil Appeals of Texas.
Eastland.

Dec. 14, 1951.

Rehearing Denied Jan. 11, 1952.

tion conducted by the Board of Pharmacy of New Mexico and was granted, and now holds, a valid license authorizing him to practice pharmacy in New Mexico. He made a proper application to the Texas State Board of Pharmacy, for a license, by reciprocity, to practice pharmacy in Texas. The license was denied solely because he was not a graduate of a school of pharmacy and the New Mexico Board of Pharmacy did not require that those taking its examination be graduates of a school of pharmacy.

Mr. Baker instituted this suit to compel the State Board of Pharmacy of Texas to issue him a license. In a trial to the court, it was held that the State Board of Pharmacy of New Mexico in its examination required the same general degree of fitness required by Texas and the court ordered the Texas Board of Pharmacy to issue a license to Mr. Baker. The Board has appealed.

Mr. Baker alleged that the action of said Board in denying his application for a license was an abuse of discretion, not based on substantial reason and in excess of the authority granted to it by Article 4542a. The sole question to be decided is whether appellee proved that the Board of Pharmacy abused its discretion in refusing to grant him a license because he was not a graduate of a school of pharmacy and the New Mexico Board did not require graduation from a "reputable" school of pharmacy. Section 9 of Article 4542a provides:

"Every person desiring to practice pharmacy in the State of Texas shall be required to pass the examination given by the State Board of Pharmacy. The applicant shall make application by presenting to the Secretary of the Board, on forms furnished by the Board, satisfactory sworn evidence that he has attained the age of twenty-one (21) years, is of good moral character, is a citizen of the United States, and has at least graduated from a first grade high school, or has a preliminary education equivalent thereto, permitting matriculation in the University of Texas, and that he has attended and graduated from a reputable university, school or

Price Daniel, Atty. Gen., by John Reeves, Asst. Atty. Gen., for appellant.

Brady & Morris, Greenville, for appellee.

PER CURIAM.

Roy A. Baker, who has always been a citizen of Texas and is not a graduate of a school of pharmacy, passed an examina-

college of pharmacy which meets with the requirements of the Board, and shall have had at least one (1) year of practical experience in a retail pharmacy under the direct supervision of a registered pharmacist. A university, school or college of pharmacy is reputable whose entrance requirements and course of instruction are as high as those adopted by recognized universities, schools or colleges of pharmacy, and whose course of instruction shall be the equivalent of not less than four (4) terms of eight (8) months each, and approved by the Board.

"The examination shall consist of written, oral and/or practical tests in pharmacy, chemistry, pharmaceutical jurisprudence, posology, toxicology, bacteriology, physiology and materia medica, and in such other subjects as may be regularly taught in all recognized universities, schools and colleges of pharmacy.

"Each applicant for license to practice pharmacy in Texas shall be given due notice of the time and place of examination. All examinations shall be conducted in writing and by such other means as the State Board of Pharmacy shall deem adequate to ascertain the qualifications of applications, and in such manner as shall be entirely fair and impartial to all individuals in every recognized school of pharmacy. All applicants examined at the same time shall be given the same regular examinations, and each applicant successfully passing the examination and meeting all requirements of the State Board of Pharmacy shall be registered by the Board as possessing the qualifications required by this law, and shall receive from said Board a license to practice pharmacy in this state. Provided that the State Board of Pharmacy may in its discretion upon the payment of Twenty-five ($25.00) Dollars, grant a license to practice pharmacy to persons who furnish proof that they have been registered as such in some other state or territory, and that they are of good moral character, provided that such other Board in its examination required the same general degree of fitness required by this state, and grants the same reciprocal privileges to pharmacists of this state."

It is clear that Mr. Baker was not entitled to a judgment requiring the Board to issue him a license unless the Board abused its discretion in determining that one who was not a graduate of a reputable school of pharmacy, as same is defined in Section 9, did not possess the same general degree of fitness to practice pharmacy as a graduate of such school. The burden was on appellee to prove that the Texas Board of Pharmacy abused its discretion in holding that the New Mexico Board, which did not require graduation from a school of pharmacy as a prerequisite to taking an examination, did not require the same general degree of fitness for taking the pharmacy examination as is required in Texas. Until appellee has made such proof, no court has authority to control the Board's discretion.

We conclude that it cannot be held that the State Board of Pharmacy abused its discretion in so deciding.

There are many statutes which provide for the issuing of a license in Texas to those licensed to practice the same profession in other states which have requirements equal to those of Texas. When such statutes have been amended it has always been the purpose of the legislature to increase the standard of the profession and to require higher educational attainments. See Chiropractors, Art. 4512b, Sections 9 and 10; Chiropodists, Art. 4572; Dentists, Art. 4545a; Veterinarians, Art. 7454 and 7455; Engineers, Art. 3271a, Sections 20 and 21; 70 C.J.S., Physicians and Surgeons, § 12, pp. 853, 854. See also Cooper v. State Board of Veterinary Medical Examiners, 114 N.J.L. 10, 175 A. 207, affirmed 115 N.J.L. 115, 178 A. 748; Herzig v. Board of Medical Examiners of State of California et al., 135 Cal.App. 41, 26 P.2d 513; Marburg v. Cole et al., 286 N.Y. 202, 36 N.E.2d 113, 136 A.L.R. 734; Application of Bailey, 261 App.Div. 64, 24 N.Y.S.2d 539; Erlanger v. Regents of University of State of New York, 256 App. Div. 444, 10 N.Y.S.2d 1013; Levi v. Regents of University of State of New York et al., 281 N.Y. 627, 22 N.E.2d 178; 136 A.L.R. 742. It cannot be assumed that the

Texas legislature intended to require less educational attainment by citizens of other states than was required of the citizens of Texas in order to be licensed to practice pharmacy in Texas. See Leo v. Board of Medical Examiners, 36 Cal.App.2d 490, 97 P.2d 1046. See also Neyerlin v. Mangan, Sup., 24 N.Y.S.2d 19; Goldsmith v. Kingsford et al., 92 N.H. 442, 32 A.2d 810; 70 C.J.S., Physicians and Surgeons, § 12, p. 853.

In Ashby et al. v. Board of Medical Examiners of Texas, Tex.Civ.App., 142 S.W.2d 371 (Writ Ref.), the court construed a statute authorizing the state Board of Medical Examiners to issue a reciprocity license to licentiates of other states where the requirements for a license were equal to those required by Texas. The Texas Medical Practice Act prescribed twelve subjects for examination for a license to practice medicine while the statutes of Missouri required only seven. It was held that the Board of Medical Examiners could not be compelled to issue a license to practice in Texas by one licensed in Missouri because the Board had discretion to determine whether the requirements in Missouri were equal to those of Texas.

The following decisions support our conclusion that appellee has not sustained the burden of proving that the Board abused its discretion in holding that the New Mexico Board in its examination did not require the same general degree of fitness required by Texas as a prerequisite to taking the Texas examination, because the New Mexico Board did not require that one taking its examination should be a graduate of a reputable school of pharmacy, as reputable is defined in Section 9, Art. 4542a. Lake v. Mercer et al., 216 S.C. 391, 58 S.E.2d 336; Id., 214 S.C. 189, 51 S.E.2d 742; Moore et al. v. Robinson, 206 Ga. 27, 55 S.E.2d 711; Call v. Billings, Director of the Department of Registration, 104 Utah 429, 140 P.2d 640; Kopansky v. Regents of the University of New York et al., Sup., 11 N.Y.S.2d 584; Cooper v. State Board of Veterinary Medical Examiners, 114 N.J.L. 10, 175 A. 207; Id., 115 N.J.L. 115, 178 A. 748; Erlanger

v. Regents of University of the State of New York et al., supra; Levi v. Regents of University of State of New York, 281 N.Y. 627, 22 N.E.2d 178; Marburg v. Cole, supra, 286 N.Y. 202, 36 N.E.2d 113, 136 A.L.R. 734.

The judgment is reversed and judgment rendered for appellant.