19359

Dexter O'SHIELDS, Respondent, v. Daniel R. McLEOD, Attorney General of the State of South Carolina and Grady L. Patterson, Treasurer of the State of South Carolina, Appellants.

(186 S. E. (2d) 408)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *C. Tolbert Goolsby, Jr., Asst. Atty. Gen.,* Columbia, *for Appellants,* cite:

*Paul M. Moore, Esq., of Moore, Swofford & Laney,* Spartanburg, *for Respondent,* cites:

January 18, 1972.

*Per Curiam:*

The respondent, a resident of the Seventh Judicial Circuit, brought this action alleging constitutional defects in the structure of the circuit court system of this State. The gravaman of the long, amorphous complaint is that federal and state constitutional provisions, namely, the equal protection clauses of both Constitutions and Article V, Section 13 of the South Carolina Constitution, require each circuit to contain equal numbers of people.[1] The complaint concludes by asking the court "to consider and recommend adequate relief from the present unconstitutional population imbalance," and to issue declaratory relief, including the declaration of an "adequate remedy for malapportionment by the formulation and promulgation of a corrective plan, or plans, to be implemented by the Court and/or the General Assembly of South Carolina, or both." Additionally, the respondent sought a declaration of invalidity of the statute authorizing periodic rotation of circuit judges, as well as a declaration that multi-judge circuits, should the legislature choose to create them, would not offend Article V, Section 13.[2]

The court below declared that Article V, Section 13 of the South Carolina Constitution requires the State's judicial circuits to be substantially equal in population, and further that present population variations among the circuits offend the equal protection clause of the State Constitution. The defendants have appealed.

Respondent cites no particular language of Article ■ V of the South Carolina Constitution, the judicial article, to support his contention that the framers

---

[1] The complaint further alleges, however, that the use of multi-judge circuits would remedy the constitutional defect if such circuits contained corresponding multiples of a standard population unit.

[2] In his capacity as a taxpayer, the respondent also sought a declaration that the "collection and distribution of tax funds in support of the circuit system (is) inequitable and unconstitutional." That aspect of the complaint was not addressed by the decree of the circuit court. For purposes of this appeal, the respondent stands only in his capacity as a resident of the Seventh Judicial Circuit.

intended to require that the circuits have substantially equal populations. Rather, he offers figures showing that, at certain periods in the past, population variations were smaller than they now are. Suffice it to say, we fail to find the claimed constitutional mandate.

Respondent has based his theory of denial of equal protection, as stated in the brief, "on the premise and on the assumption that the Circuit Court is the only Court in each circuit to handle judicial business above the level of magistrate (excepting probate)." Patently, this is a false premise. Whatever else may be the mandate of our Constitution's equal protection clause, it does not confine the legislature to the circuit court system as a means for providing adequate judicial service throughout the State. The respondent neither alleged nor offered to prove discriminatory rendition of judicial services; hence, the court's finding of a violation of the equal protection clause in this respect is without support in the record. More importantly, the authority, and with it the duty and responsibility, to divide the State into appropriate judicial circuits is vested in the General Assembly by Article V, Section 13 of our Constitution. Thus, by organic law, the power to correct the present, lamentable imbalance in judicial circuits rests exclusively in that body, which is responsible directly to the people.

The court below further held that Section 15-129 of the 1962 Code, providing for rotation of circuit judges among the circuits, embodies an unconstitutional delegation of legislative power to the Chief Justice. The respondent, who has alleged no fact from which it may be inferred that the rotation of circuit judges has prejudiced him, palpably lacked standing to question the statute's validity. *Schneider v. State,* 255 S. C. 594, 180 S. E. (2d) 340 (1971).

Lastly, the court below undertook to announce that the legislature may create multi-judge circuits without offending constitutional provisions. The courts

of this State, however, are without authority to issue advisory opinions. *Power v. McNair,* 255 S. C. 150, 177 S. E. (2d) 551 (1970).

The order appealed from is reversed.

MOSS, C. J., and LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

