### 20528

The CITY OF COLUMBIA, Respondent, v. Ronald ABBOTT, Appellant.

(238 S. E. (2d) 177)

*Carlton B. Bagby,* of *Buhl, Primus & Bagby,* Columbia, *for Appellant,*

*Danny C. Crowe* and *Roy D. Bates,* of Columbia, *for Respondent,*

October 13, 1977.

LITTLEJOHN, Justice:

The defendant-appellant , Ronald Abbott (hereinafter Abbott), was convicted on multiple counts of operating a business without a license in violation of § 7 of the Business and Professional License Ordinance for the City of Columbia. He appealed the convictions to the Richland County Court; the

convictions were affirmed by order of the Honorable Owens T. Cobb, Jr., presiding judge. From that order Abbott has appealed to this Court.

In February of 1974, the Assembly Street Bookmart, Incorporated (hereinafter Bookmart), which employed Abbott, was operating under a business license duly issued for 1305 Assembly Street in Columbia. Bookmart requested a transfer of its business license to a Millwood Avenue location. The request was denied by the City License Inspector under § 27.1(c) of Ordinance No. 74-6, on the grounds that the activity for which the license was sought was "unlawful and constitutes a nuisance." As permitted by § 27-2 of the ordinance, Bookmart submitted a written request for a hearing before City Council for the purpose of reviewing the action of the inspector in denying the license.

Pending the scheduled hearing on the Millwood Avenue location application, Bookmart presented an alternate application for a license to operate at a Taylor Street address. The day before the hearing on the Millwood Avenue location, Bookmart withdrew its appeal.

The inspector denied a business license at the Taylor Street address on the same grounds on which the Millwood Avenue application had been refused. Bookmart did not appeal the denial of the Taylor Street location license. Instead, it opened its book store for business at the Taylor Street address without a business license as required by the ordinance. Thereafter, Abbott was arrested and convicted for managing the Taylor Street business and operating without a business license in violation of § 7.

It is generally the contention of Abbott that the licensing ordinance is unconstitutional because it operates as a prior restraint on free speech and press and because it has a chilling effect on the exercise of rights granted by the first amendment of the United States Constitution.

The ordinance, of which Abbott was convicted, applies to all business operations and reads as follows:

"Section 7. If any person or persons exercise or carry on any trade, business or profession of which a license is required by this Ordinance, without first registering or taking out such license as in that behalf required, he, she, or they, besides being liable to the payment of the license and penalties shall be subject to fine not exceeding $100.00 or imprisonment in the City Jail for a time not to exceed thirty days upon conviction before the Recorder or Acting Recorder."

Relevant portions of the licensing ordinance are as follows:

"Section 27.1 Revocation, Suspension and Denial. .

\* \* \*

(c) The license inspector shall deny a license to an applicant when the application is incomplete, contains a misrepresentation, false or misleading statement, evasion or suppression of a material fact, or when the activity for which a license is sought is unlawful or constitutes a nuisance.

Section 27.2 Hearing on Denial, Revocation, or Suspension of License.

(a) Any person aggrieved by an order of the City License Inspector denying, revoking, or suspending a license may file a written request for a hearing before the City Council within ten days after issuance of such order. City Council shall give five days notice of hearing upon this request to be held not more than thirty days after service of the notice on the person requesting the hearing or his representative. At such hearing, City Council shall determine whether the denial, revocation, or suspension of the license was in accordance with the provisions of this ordinance and shall issue a written finding of fact and an order to carry out its finding. This finding of fact and order shall be served upon all parties.

(b) No person shall be subject to prosecution for doing business without a license until the expiration of ten days after notice of revocation which is not appealed or until ten

days after notice of City Council action upholding revocation on appeal."

The City, through its license inspector, notified Bookmart of the denial of the license by letter:

"This is to advise you that pursuant to Section 27.1 of the Business and Professional License Ordinance as amended I have determined that your request for a business license to operate a Book Mart at 1608-1610 Taylor Street in the City of Columbia should be denied on the grounds that the activity for which the license is sought is unlawful and constitutes a nuisance.

"Should you desire to appeal this action to City Council please come by this office to file a written request for a hearing."

Bookmart did not take the suggestions of the inspector and did not file an appeal or request a hearing. It is the contention of the City that Bookmart, by failing to exhaust its administrative remedies upon denial of the application, is precluded from resort to the court. On the other hand, Abbott contends that the licensing ordinance is unconstitutional on its face and that he and/or Bookmart was not required to exhaust its administrative remedies, but could ignore the ordinance.

We agree with the City. It is generally held that the granting of a license is an administrative function and comes within the doctrine of exhaustion of administrative remedies. In *DePass v. City of Spartanburg*, 234 S. C. 198, 107 S. E. (2d) 350 (1959), this Court said:

" 'A party aggrieved by the application of an ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief.' 62 C.J.S. Municipal Corporations § 206, p. 384. 'Courts are reluctant to interfere with administrative action prior to its completion and in this sense not final This reluctance has found expression in * * * the doctrine of exhaustion of

administrative remedies and in a general requirement of final administrative action as a prerequisite to judicial review. * * * The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. * * * The doctrine involves a policy of orderly procedure which favors a preliminary sifting process, particularly with respect to matters peculiarly within the competence of the administrative authority and serves to prevent attempts to swamp the courts by resort to them in the first instance. * * * The doctrine is sometimes said to rest upon the presumption that the administrative agency, if given a complete chance to pass upon the matter, will decide correctly.' 42 Am. Jur. 573, 580, 581, Public Administrative Law, Secs. 194, 197."

Having concluded that Abbot and/or Bookmart failed to exhaust administrative remedies available, it follows that no relief will be granted by the Court.

While perhaps unnecessary to a determination of this appeal, it is not inappropriate to state that we have reviewed the other grounds submitted and find them without merit. *Freedman v. Maryland,* 380 U. S. 51, 85 S. Ct. 734, 13 L. Ed. (2d) 649 (1965), relied upon by Abbott, is not applicable to the facts in this case. Involved there was a censorship statute and the showing of films. In such cases the time element is important by reason of the nature of the distribution and circulation of films for showing. The procedural safeguards provided in the ordinance are not inadequate under the facts of this case.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.