20681

Dr. Reginald GOLD, Respondent, v. The SOUTH CAROLINA BOARD OF CHIROPRACTIC EXAMINERS, Appellant.

Dr. Douglas GATES, Respondent, v. The SOUTH CAROLINA BOARD OF CHIROPRACTIC EXAMINERS, Appellant.

(245 S. E. (2d) 117)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. C. Tolbert Goolsby, Jr.,* and *Staff Atty. Richardson D. Bybee,* Columbia, *for appellant.*

*Alexander M. Sanders, Jr.,* Columbia, *for respondents.*

May 10, 1978.

GREGORY, Justice.

This appeal is from the order of the lower court finding that Section 40-9-30, 1976 Code of Laws of South Carolina,

violates Article III Section I of the Constitution of the State of South Carolina (1895) and granting respondents' motion for summary judgment. We affirm.

Respondents Dr. Reginald Gold and Dr. Douglas Gates brought these two actions against appellant, the South Carolina Board of Chiropractic Examiners [the Board], alleging first that the Board had wrongfully and arbitrarily denied them licenses to practice chiropractic in this State and second that the procedures employed by the Board in granting and denying licenses to practice chiropractic violate the First, Fifth and Fourteenth Amendments to the Constitution of the United States of America. By their third cause of action respondents challenged the constitutionality of Section 40-9-30, 1976 Code, the statute that creates the Board.

Both appellant and respondents moved for summary judgment as to the third cause of action. Respondents' motion was based on their contention that Section 40-9-30 unlawfully delegates the appointive power to a private organization in violation of Article III Section I of the Constitution.

Appellant argued the respondents did not have standing to challenge the constitutionality of Section 40-9-30. Appellant further argued that Section 40-9-30 was constitutional, but that even if the statute was found to be unconstitutional such a finding would have no relevance to respondents' complaint.

The lower court found the respondents had standing to challenge Section 40-9-30 and granted their motion for summary judgment on the ground that the statute violates Article III Section I by unlawfully delegating to the South Carolina Chiropractors' Association [the Association], a private organization, the power to appoint the members of the Board. This appeal followed.

Section 40-9-30 provides:

There is hereby created a board of four chiropractic examiners to be known as the South Carolina Board of Chiropractic Examiners. The first members having been commis-

sioned for terms of one, two, three and four years, respectively, the Governor shall commission one member each year from a list of all members of the South Carolina Chiropractors' Association for a term of four years. The Board shall meet annually and organize by electing a president, secretary and treasurer and adopting reasonable rules and regulations for the transaction of business. They shall meet every six months thereafter.

Article III Section I prohibits the delegation of the appointive power to a private person or organization. *Gould v. Barton,* 256 S. C. 175, 181 S. E. (2d) 662 (1971).

Appellant first contends the respondents lack the requisite standing to challenge the constitutionality of Section 40-9-30. Appellant argues that because the actions of the Board would be valid *de facto* if the Board is unconstitutional, respondents have suffered no injury by virtue of the Board's unconstitutionality.[1]

Respondents were denied licenses by the Board, and if they desire to re-apply they must submit applications to this same Board. If the Board is unconstitutionally created, the respondents have been denied the privilege of practicing chiropractic in this State by an unlawful administrative body and continue to be subject to its authority.

If this Court were to accept appellant's argument, no person would ever have standing to question the constitutionality of Section 40-9-30, save perhaps the Attorney General. Our laws should not be that rigid.

We are of the view respondents have suffered an injury sufficient to give them standing to challenge the constitutionality of Section 40-9-30. *O'Shields v. McLeod,* 257 S. C. 477, 186 S. E. (2d) 408 (1972).

---

[1] In its order declaring Section 40-9-30 unconstitutional, the lower court found all prior actions of the Board valid *de facto*. Respondents did not appeal this finding.

Appellant also alleges the respondents cannot challenge Section 40-9-30 without first complying with Section 15-63-60, 1976 Code, which provides:

An action may be brought . . . by a private party interested on leave granted by a circuit judge against the parties offending in the following cases:

(1) When any person shall . . . unlawfully hold or exercise any public office . . . created by the authority of this State.

This statute prohibits a private individual from bringing a *quo warranto* action unless the individual has both standing and the permission of the circuit court. Here, respondents have standing to challenge Section 40-9-30 and were necessarily given the permission of the circuit court when the trial judge heard their motion for summary judgment.

The central issue before this Court is the constitutionality of Section 40-9-30. The lower court found the statute was unconstitutional, and based on that finding granted respondents' motion for summary judgment.

On appeal from an order granting respondents' motion for summary judgment this Court will review the evidence and all inferences therefrom in the light most favorable to appellant. Summary judgment should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *McQuaig v. Brown,* S. C., 242 S. E. (2d) 688 (1978).

When the issue is the constitutionality of a statute, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubt that it conflicts with the Constitution. *Thompson v. Hofman,* 263 S. C. 314, 210 S. E. (2d) 461 (1974).

The Governor's authority to appoint the members of the Board is restricted by Section 40-9-30 to those persons who are members of the Association, a pri-

vate organization.[2] Thus, membership in the Association is a prerequisite to membership on the Board. Since the Association's ability as a private organization to control its membership is absolute, the Association possessed the unbridled authority to determine who is eligible for appointment to the Board.

This authority is tantamount to an express grant of the appointive power which, when placed in the hands of a private organization, violates Article III Section I. *Gould v. Barton, supra.*

The question presented by this appeal is resolved by the existence of the Association's authority to determine who is eligible for appointment to the Board, not by the exercise of that authority, and an inquiry into the facts is not necessary to clarify the application of the law. On its face Section 40-9-30 violates Article III Section I by unconstitutionally delegating the appointive power to a private organization.

Accordingly, the order of the lower court granting respondents' motion for summary judgment is affirmed.

Affirmed.

LEWIS, C. J., LITTLEJOHN, NESS and RHODES, JJ., concur.

---

[2] The parties stipulated as follows:

"The South Carolina Chiropractic Association is a private organization having no official standing as a branch or agency of government."