## 20775

Dr. Herbert J. BROOKS, Respondent, v. SOUTH CAROLINA
STATE BOARD OF FUNERAL SERVICE, Appellant.

(247 S. E. (2d) 820)

458

*Atty. Gen. Daniel R. McLeod* and *Staff Atty. L. Kennedy Boggs,* Columbia, *for appellant.*

*Dr. Herbert J. Brooks, pro se.*

October 4, 1978.

GREGORY, Justice:

The South Carolina State Board of Funeral Service appeals from an order of the lower court requiring the Board to permit Dr. Herbert J. Brooks to take the funeral director licensing examination. The issue is whether Rule 57-3 promulgated by the Board concerning the qualifications of applicants to take the funeral director licensing examination is valid. The lower court held the rule was invalid. We affirm.

The Board is created by Section 40-19-30, 1976 Code of Laws of South Carolina, and consists of nine members who are appointed by the Governor. Each member of the Board

holds a current license as both a funeral director and an embalmer and has a minimum of five years experience as a funeral director and embalmer within South Carolina.

The Board is charged with the responsibility of licensing those persons who wish to engage in embalming or in the profession of funeral directing in this State. Section 40-19-140, 1976 Code. The Board is authorized by Section 40-19-90, 1976 Code, to promulgate rules and regulations concerning the practice of embalming and funeral directing. Section 40-19-90 provides in part as follows:

In furtherance of its purpose of regulating the practice of embalming and funeral directing in this State, the Board shall have the power and it shall be its duty to prescribe rules and regulations governing . . . the qualifications, fitness and practices of those engaged in and who may engage in embalming and funeral directing in this State . . . and governing the proper administration of the provisions of this chapter. The Board shall specifically have the power to fix and prescribe rules and regulations as to the procedure to be followed in the making of applications for licenses, in the issuance and renewals of licenses and in the conduct of examinations.

Pursuant to its rule making authority the Board has promulgated Rule 57-3 regarding the experience qualifications of applicants to take the funeral director licensing examination:

57-3. Experience Qualifications.

Prior to taking the examination held by the South Carolina State Board of Funeral Service to practice either as a funeral director or embalmer, an apprentice must have served at least twenty-four months. In addition, an applicant for the funeral director license must show that he has assisted as an apprentice funeral director in not less than sixty (60) services.

Section 40-19-160, 1976 Code, also deals with the qualifications for a funeral director and provides:

No person shall be issued a license as a funeral director unless he:

(1) Is at least twenty-one years of age;

(2) Is a resident of South Carolina for at least one year;

(3) Is a citizen of the United States;

(4) Is of good moral character,

(5) Is possessed of [certain educational requirements] . . .;

(6) Has completed a minimum of twelve months service as an apprentice funeral director . . .; and

(7) Has passed to the satisfaction of the Board an examination . . .;

Section 40-19-160 does not require participation as an apprentice funeral director in a minimum number of funeral services.

On May 27, 1977 Dr. Brooks filed an application with the Board to take the funeral director examination. In his application Dr. Brooks stated he had worked as an apprentice funeral director for twenty-one months and had assisted in thirty-one funeral services.

By letter dated June 24, 1977 the Board denied Dr. Brooks' application and specified two reasons for the denial: (1) that the funeral home where Dr. Brooks worked as an apprentice funeral director was not qualified under Section 40-19-20, 1976 Code, to train apprentices; and (2) that Dr. Brooks had not assisted in at least sixty funerals as required by Rule 57-3. Dr. Brooks appealed the denial of his application to the circuit court as permitted by Section 40-19-230, 1976 Code.

The circuit court found there was no substantial evidence to support the Board's determination that the funeral home where Dr. Brooks trained was not qualified under Section 40-19-20. No exception was taken to this finding and it becomes the law of the case.

The circuit court also held that Rule 57-3 was void and unenforceable. In his order the trial judge stated:

It is at once apparent that this rule adds two requirements to the qualifications of one seeking to be a funeral director which are not found in the law, namely (1) an increase from twelve months to twenty-four months in the length of apprenticeship and (2) a requirement that he assists as apprentice in sixty funeral services. I hold as a matter of law that this regulation is invalid and cannot be enforced by the Board.

Based on this holding, the lower court ordered the Board to allow Dr. Brooks to take the funeral director licensing examination. This appeal by the Board followed.

The sole issue before us on appeal is whether Rule 57-3 represents a valid exercise of the Board's rule making authority. This question is one of law and no issue of fact is involved.

The Board is a creature of statute and its authority is dependent upon statute. *Calhoun Life Insurance Co. v. Gambrell,* 245 S. C. 406, 140 S. E. (2d) 774 (1965). It possesses only those powers that are conferred expressly or by reasonable necessary implication, or are merely incidental to the powers expressly granted. *Piedmont & Northern Ry. Co. v. Scott,* 202 S. C. 207, 24 S. E. (2d) 353 (1943).

The minimum requirements for a licensed funeral director are set forth in Section 40-19-160. It is clear the Board could not adopt a rule that would reduce these minimum requirements. *Lake v. Mercer,* 216 S. C. 391, 58 S. E. (2d) 336 (1950). Neither could the Board adopt a rule that would materially alter or add to these minimum requirements. *Lee v. Michigan Millers Mutual Insurance Co.,* 250 S. C. 462, 158 S. E. (2d) 774 (1968).

The statute requires a minimum of twelve months service as an apprentice funeral director. The administrative rule requires a minimum of twenty four

months service. The conflict between these two provisions is irreconcilable and must be resolved in favor of the statute and against the administrative rule. Therefore, to the extent that Rule 57-3 increases the minimum period of service as an apprentice funeral director from twelve months to twenty four months, it stands in irreconcilable conflict with Section 40-19-160 and is void and unenforceable.

Rule 57-3 also requires an applicant for a funeral director license to show that he has participated in not less than sixty funeral services while serving as an apprentice funeral director. Section 40-19-160 does not contain a similar requirement. Since there is no apparent conflict between the two provisions on this point, we must determine whether this requirement of Rule 57-3 is a reasonable implementation of the statute. *Banks v. Batesburg Hauling Co.,* 202 S. C. 273, 24 S. E. (2d) 496 (1943).

■■ The purpose of the statutes regulating funeral directing is to protect the public from ignorance and imposture. See *State v. Blackwell,* 196 S. C. 313, 13 S. E. (2d) 433 (1941). Consonant with this purpose is the requirement that all applicants for a funeral director's license have at least twelve months experience as an apprentice funeral director. Although the statute does not expressly require an applicant to have participated in a given number of funeral services while an apprentice, we have no difficulty concluding the legislature intended each apprentice funeral director to acquire as much actual experience as possible during the twelve month apprenticeship. Rule 57-3 does no more than implement the law by requiring each apprentice funeral director to participate in a specified minimum number of funeral services. The question is whether the Board acted reasonably by setting that minimum number at sixty.

■ An applicant for a funeral director license must have served as an apprentice funeral director for at least twelve months. This apprenticeship may be served in

any funeral home that "is adequately equipped and has in its employ on a full-time basis at least one licensed funeral director and one licensed embalmer, and has a minimum of twenty-five complete funerals per calendar year." Section 40-19-20, 1976 Code. It would be impossible for an individual who served as an apprentice for twelve months in a funeral home that performs only twenty five funerals per year to comply with the sixty funeral requirement of Rule 57-3. No administrative rule that requires an impossible act can be reasonable.

The lower court correctly held that the portions of Rule 57-3 of the Rules and Regulations of the South Carolina State Board of Funeral Service regarding the qualifications of applicants to take the funeral director licensing examination are void and unenforceable.

Accordingly, the order of the lower court directing the Board to permit Dr. Brooks to take the funeral director licensing examination is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.