. 21196

Arthur W. HARTZELL, Appellant, v. The STATE BOARD OF
EXAMINERS IN PSYCHOLOGY, Respondent.

(265 S. E. (2d) 265)

· *Andrew Kenneth Epting, Jr.,* of *Wise, Cole & Pearlman,* Charleston, *for appellant.*

*Karen LeCraft Henderson, Sr., Asst. Atty. Gen.,* Columbia, *for respondent.*

April 14, 1980.

GREGORY, Justice:

Appellant Arthur W. Hartzell's application for licensure as a psychologist was rejected by respondent The State Board of Examiners in Psychology. This action was commenced by appellant's petition to the Court of Common Pleas alleging, *inter alia,* that the Board's ground for his rejection is invalid and therefore he must be licensed; and the statutory method by which members are appointed to respondent Board violates Article III, Section 1 of the South Carolina Constitution. The court below dismissed the petition. We affirm.

Appellant was notified by respondent Board that "[t]he primary reason for [his rejection] was that your program did not contain sufficient training in the four substantive content areas described in our guidelines." The lower court agreed with appellant that the pertinent portion of the guidelines relied on by respondent was void and unenforceable, in that the statutory requirements for licensure are materially altered thereby. See *Brooks v. South Carolina State Board of Funeral Service,* 271 S. C. 457, 247 S. E. (2d) 820 (1978). Respondent does not appeal this finding.

Notwithstanding the rule's invalidity, the lower court sustained the Board's action on the basis of appellant's failure

to meet the statutory requirements of Section 40-55-80, Code of Laws of South Carolina (1976)', which provides:

A candidate for such a license shall furnish the Board with satisfactory evidence that he: (a) is of good moral character; (b) has had four years of combined academic training in psychology and qualifying experience including a doctor's degree in psychology from an educational institution accredited and recognized by national and regional accrediting agencies whose credits are accepted by the University of South Carolina. . . .

The trial judge found appellant's doctoral program was not accredited and recognized by a national accrediting agency, nor were his credits accepted by the University of South Carolina. These findings are supported by the record.

We agree that to hold otherwise would be to require licensure in the face of obvious statutory noncompliance. Where a board finding is correct in principle it should not be reversed for failure to state all reasons underlying the finding, or for basing it primarily on an after-discovered invalid ground even though valid, statutory grounds exist nevertheless. See *Spearman v. F. S. Royster Guano Co.*, 188 S. C. 393, 199 S. E. 530 (1938). We affirm the reasoning of the lower court.

The method of Board appointment is provided by Section 40-55-30, Code of Laws of South Carolina (1976), the pertinent portions of which are:

Members of the Board shall be appointed by the Governor from a list of qualified candidates to be submitted by the executive committee of the South Carolina Psychological Association, for terms of five years and until their successors are appointed and qualify. . . . If the association fails to furnish the Governor a list of eligible persons within the specified time preceding any vacancy the Governor shall appoint a qualified person as may seem to him to be proper.

Article III, Section 1 of our State Constitution vests the legislative power in the "General Assembly of the State of South Carolina." This Court has interpreted that investiture to prohibit the delegation of the appointive power to a private person or organization. *Gold v. South Carolina Board of Chiropractic Examiners,* 271 S. C. 74, 245 S. E. (2d) 117 (1978) ; *Gould v. Barton,* 256 S. C. 175, 181 S. E. (2d) 662 (1971). Appellant contends our recent decision in *Gold* mandates a finding that § 40-55-30, *supra,* is unconstitutional and in violation of Article III, Section 1. We disagree.

In *Gold,* we struck down Section 40-9-30, Code of Laws of South Carolina (1976), because that Section on its face violated Article III, Section 1. The evil of that legislation was that it restricted the Governor's authority to appoint members to the Board of Chiropractic Examiners to a list of the members of an admittedly private organization, the South Carolina Chiropractors' Association. The statute we found facially invalid because by its very terms it usurped the appointive power; there need be no exercise of the Board's authority in *Gold* to determine the conflict.

Here, while a private body, the South Carolina Psychological Association, submits a list of qualified candidates to the Governor who ultimately appoints members to the Board of Examiners in Psychology, there is nothing on the face of this statute which requires a qualified candidate to be a member of the private body which compiles the list. In *Gold* we noted:

The Governor's authority to appoint the members of the Board is restricted by Section 40-9-30 to those persons who are members of the Association, a private organization. Thus, membership in the Association is a prerequisite to membership on the Board.
245 S. E. (2d) at 120.

There is nothing shown here to indicate the respondent Board's exercise of its statutory authority contravenes the appointive power. This Court has consistently approved the recommendation by private bodies with legitimate relationships to particular public offices of persons to fill those offices. See: *Gibbes v. Richardson*, 107 S. C. 191, 92 S. E. 333 (1917) ; *Floyd v. Thornton*, 220 S. C. 414, 68 S. E. (2d) 334 (1951) ; *State v. Taylor*, 223 S. C. 526, 77 S. E. (2d) 195 (1953) ; *Ashmore v. Greater Greenville Sewer Dist.*, 211 S. C. 77, 44 S. E. (2d) 88 (1947). We find no unlawful delegation of appointive power by the terms of § 40-55-30.

We have carefully considered appellant's remaining exceptions, and conclude they are without merit. Accordingly, we affirm under Rule 23.

The judgment of the lower court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.