## 22293

Vincent S. TOUSSAINT, M.D., Appellant, v. STATE BOARD OF MEDICAL EXAMINERS, *et al.*, Respondents.

(329 S. E. (2d) 433)

Supreme Court

*Isadore E. Lourie, Randall M. Chastain* and *Mary J. Lasen,* Columbia, *for appellant.*

*Kay G. Crowe,* Columbia, *for respondents.*

Argued Oct. 3, 1984.

Decided April 22, 1985.

NESS, Justice:

Appellant Vincent S. Toussaint brought suit challenging the constitutionality of the composition of the respondent, State Board of Medical Examiners. The trial court sustained the respondent's demurrer. We reverse.

Respondent served a complaint alleging professional misconduct by Toussaint. Before the evidentiary hearing could be held, Toussaint brought this action, and sought an injunction forbidding the Board from considering the complaint. In order to bring the constitutional challenge, appellant must show that he has standing to pursue the claim. He must show the existence of an actual controversy in which he has a personal stake. *Baker v. Carr*, 369 U. S. 186, 82 S. Ct. 691, 7 L. Ed. (2d) 663 (1962). In this case, the controversy arose when the Board initiated proceedings attempting to show that appellant had engaged in professional misconduct. Appellant's "interest in his own reputation and in his economic well-being" clearly give him a personal stake in the outcome of the controversy. *Jenkins v. McKeithen*, 395 U. S. 411, 89 S. Ct. 1843, 23 L. Ed. (2d) 404 (1969).

This Court has previously entertained similar constitutional challenges which were initiated *after* the respective Boards had reached final decisions. *Gold v. South Carolina Board of Chiropractic Examiners*, 271 S. C. 74, 245 S. E. (2d) 117 (1978); *Hartzell v. State Board of Examiners in Psychology*, 274 S. C. 502, 265 S. E. (2d) 265 (1980). In those cases, the Boards had rejected applications for licenses in their respective fields. No controversy existed until the applications were rejected. In this case, the controversy arose when the Board filed its complaint against appellant. The controversy will be no more ripe after the Board has reached its final decision as to the appellant's alleged misconduct. Appellant therefore had standing to bring this constitutional challenge.

"It is well settled that the power to legislate cannot be delegated to private persons or corporation ... nor to any other body." *State v. Watkins*, 259 S. C. 185 at 202, 191 S. E. (2d) 135 at 143-144 (1972).

S. C. Code Ann. § 40-47-109 (Supp. 1984) permits the Medical Association to submit a list of its members to the Governor as nominees for appointment to the Board. If the

Governor declines to make appointments from this list, additional nominees are submitted by the Association in the same manner.

Article III, § 1 of the State Constitution vests legislative power in the General Assembly. In *Gold, supra,* we interpreted this section as forbidding the delegation of appointive power to a private organization. We struck down § 40-9-30 (Supp. 1984) as being violative of Article III, § 1, holding:

> [T]he governor's authority to appoint members of the Board is restricted by Section 40-9-30 to those persons who are members of the Association, a private organization. Thus membership in the Association is a prerequisite to membership on the Board. 271 S. C. at 78 [245 S. E. (2d) 117].

Section 40-47-10 likewise dictates membership in the Medical Association, a private organization, as a prerequisite to membership on the Board. It unconstitutionally delegates the power of appointment to a private organization and is void.

In *Hartzell, supra,* we held § 40-55-30 was not constitutionally defective. Unlike this case, § 40-55-30 did not require a qualified candidate to be a member of the private body which compiles the list. The legislature has since amended § 40-55-30 to expand the source of nominations to include others besides the South Carolina Psychological Association.[1]

We hold the Board of Medical Examiners in the medical disciplinary function is unconstitutionally composed; appellant has standing to raise the issue; and the trial court erred in sustaining respondent's demurrer.

Reversed.

LITTLEJOHN, C. J., and Acting Associate Justice PAUL M. MOORE concur.

---

[1] In like manner, the composition of the Board of Commissioners on Grievances and Discipline is constitutionally sound because the members are chosen from among the entire membership of the South Carolina Bar, regardless of the source of their nomination.

HARWELL and GREGORY, JJ., dissent.

HARWELL, Justice, dissenting:

I respectfully dissent and would hold that, until the State Board of Medical Examiners acts to deprive the appellant of some tangible right, he has no cause of action for injunctive relief. *See Bonner v. Circuit Court of St. Louis*, 526 F. (2d) 1331 (8th Cir. 1975), *cert. denied*, 424 U. S. 946, 96 S. Ct. 1418, 47 L. Ed. (2d) 353 (1976). The trial judge properly sustained the demurrer on grounds that the administrative process is not complete. S. C. Code Ann. § 1-23-380(a) (1984 Cum. Supp.); *City of Columbia v. Abbott*, 269 S. C. 504, 238 S. E. (2d) 177 (1977).

I would, accordingly,

Affirm.

GREGORY, J., concurs.