HOLMES, Judge.
This is a case arising under the statutes and regulations governing the licensing of persons to practice psychology in the State of Alabama.
The Alabama Board of Examiners in Psychology (Board), following an administrative hearing, found that Marchetti could not sit for the examination for the practice of psychology, the passing of which is a prerequisite for obtaining a license to practice psychology in this state. Marchetti sought judicial review of the Board’s decision in the Circuit Court of Montgomery County, pursuant to Ala.Code (1975), § 41-22-20, which is part of the Alabama Administrative Procedure Act.
The circuit court affirmed the decision of the Board, and Marchetti, through able counsel, appeals to this court. We affirm.
The Board based its decision that Mar-chetti could not sit for the examination on Ala.Code (1975), § 34-26-41(3), and the Board’s Rule 750-X-2-.03, which set forth education requirements for candidates for the psychology license.
On appeal Marchetti contends that, he meets the statutory requirements of § 34-26-41(3) and that he is not required to meet the criteria of Rule 750-X-2-.03 because it is invalid.
Ala.Code (1975), § 34-26-41, requires all persons who wish to practice psychology in Alabama first to obtain a license to do so. “A candidate for such license shall furnish the board with satisfactory evidence that: ... (3) He has received a doctorate degree from a department of, or school of, psychology, from an educational institution accredited and recognized by national and regional accrediting agencies as maintaining satisfactory standards.” Ala.Code (1975), § 34-26-41(3).
The Board determined that Marchetti was not eligible to sit for the psychology examination because he did not meet the requirement of § 34-26-41(3) that his doctorate degree derive from a “department of, or school of, psychology.” In making its determination the Board relied upon its Rule 750-X-2-.03, which sets forth criteria to define a “department or school of psychology.”
Rule 750-X-2-.03 provides in part:
*450 “03. Doctoral Degree from Department or School of Psychology.
“(1) All applicants shall have a doctoral degree from a department or school of psychology. The following criteria will be used to identify departments or schools of psychology.
“(a) Training in psychology is doctoral training offered in an institution of education accredited by the Council on Post Secondary Accreditation (COPA), for instance the Southern Association.
“(b) The Department or School, at the time the candidate should have graduated, must have been clearly identified and labeled and accredited as a Department or School of Psychology. Such a Department or School must specify in pertinent institutional catalogues and brochures its intent to educate and train psychologists.
“(c) The Psychology Department or School must stand as a recognizable, coherent organizational entity within the institution.
“(d) Authority and primary responsibility for the core and specialty areas must reside in a school or department of psychology.
“(e) The curriculum must be an integrated, organized sequence of study.
“(f) There must be an identifiable full time psychology faculty and a psychologist responsible for the curriculum.
“(g) The Department or School must have an identifiable body of students who are regularly matriculated in that program for a degree.
“(h) Programs that are accredited by the American Psychological Association may be individually recognized as meeting the definition of a psychology program.”
(Their emphasis.)
There is substantial evidence in the record that Marchetti did not meet many of the criteria set forth in Rule 750-X-2-.03. Marchetti obtained his doctorate in educational psychology from the School of Education at the University of Alabama. At the administrative hearing, Dr. James E. McLean testified that he is the chairman of and a professor in the program of educational psychology and research in the College of Education at the University.
Dr. McLean testified that he is not a psychologist by training or licensure and that no licensed psychologists, with one possible exception, are on his faculty in the program of educational psychology.
He further testified that the only psychology courses required of doctorate graduate students in the program of educational psychology in the School of Education are two graduate courses in the area of psychology. Doctorate students in the program are not required to minor in psychology, but, if they do, Dr. McLean stated, they would have to take psychology courses in the University’s Department, or School, of Psychology.
Finally, we note that Dr. McLean testified that the program of educational psychology in the School of Education does not offer graduate courses in the history and systems of psychology, comparative psychology, physiological psychology, psycho-physics, or neuropsychology. Such courses are among those designated as core areas of psychology instruction in subpart (2) of Rule 750-X-2-.03. Dr. McLean testified that he would send students who wished to take these courses, as well as what he referred to as generic psychology, to the Department of Psychology.
In view of the above, we think that the Board reasonably concluded that Mar-chetti did not meet the educational requirements of Ala.Code (1975), § 34-26-41(3), as defined by Rule 750-X-2-.03.
Marchetti contends, however, that his educational background should be judged solely by the literal requirements of § 34-26-41(3) and not by the criteria of Rule 750-X-2-.03 because the latter is invalid. Marchetti claims that the rule is invalid because it enlarges upon the requirements of the statute itself. He contends that, by enacting the rule, the Board has usurped the power of the legislature to set the standards for the licensing of per *451 sons to practice psychology in Alabama. We disagree.
“[Although the legislature may not delegate its power to make law, it may vest a considerable measure of discretionary authority in the agency charged with administering the enactment.” Employees’ Retirement System v. Oden, 369 So.2d 4, 7 (Ala.1979). Such is precisely what the legislature did with regard to the licensing of psychologists.
The legislature designated the Board as the sole agency empowered to recommend licensure for the practice of psychology in this state. Ala. Code (1975), § 34-26-22. The legislature directed the Board to certify as competent to practice psychology all persons who show that they meet the qualifications for licensure provided by statute and by “the rules and regulations of the board.” Ala. Code (1975), § 34-26-22.
We interpret the above-quoted language of the statute as evidencing a legislative intent for the Board to promulgate whatever reasonable rules or regulations it deemed necessary to interpret and apply the statutory requirements of § 34-26-41. This interpretation of the statute is supported by Ala.Code (1975), § 34-26-21, by which the legislature authorized the Board to “adopt such rules and regulations as it may deem necessary for the performance of its duties.”
We also disagree with Marchetti’s contention that Rule 750-X-2-.03 enlarges the requirements for licensure and is out of harmony with the statutory requirements. Ala.Code (1975), § 34-26-41, sets forth only in very general terms the requirements for obtaining a license to practice psychology. The statute does not define what is meant by the phrase “doctorate degree from a department of, or school of, psychology.” Ala.Code (1975), § 34-26-41(3). We note that in the circuit court Marchetti himself claimed that the statute was too vague.
Obviously, the Board found it necessary to use its statutory power to promulgate rules which would enable it to determine objectively whether candidates for a psychology license had met the statutory educational requirement. As noted above, the legislature gave the Board broad discretion to promulgate such rules. Moreover, we find that the objective criteria set forth in Rule 750-X-2-.03 are perfectly consistent with § 34-26-41 and do not impermissibly enlarge the educational requirements for licensure set forth in the statute. Needless to say, we do not find, and nothing has been shown to us, that the rule is unreasonable.
Marchetti further contends on appeal that certain of the statutes governing the licensing and practice of psychology in the state are unconstitutional. His argument appears to be that, because Ala.Code (1975), § 34-26-21, provides for appointees to the Board to be chosen from a list of candidates proposed by the executive committee of the Alabama Psychological Association, an allegedly private, professional organization, his constitutional rights have been violated.
Frankly, we have difficulty following the reasoning behind this contention. Apparently, because not all practicing psychologists are members of the Alabama Psychological Association, Marchetti believes that it is unfair for that organization to be statutorily authorized to name candidates for appointment to the Board. We find no merit in this contention. See Hartzell v. State Board of Examiners in Psychology, 274 S.C. 502, 265 S.E.2d 265 (1980). But cf. United Chiropractors of Washington, Inc. v. State, 90 Wash.2d 1, 578 P.2d 38 (1978).
At any rate, Marchetti has not established how the fact that the Alabama Psychological Association may submit candidates for membership on the Board violates his due process or other constitutional rights. We note that Marchetti is or has been a member of that association.
While some of the issues raised by Mar-chetti have not been addressed by this court herein, we find the above to be dis-positive.
*452 This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.