22594

James H. EWING, M.D., Appellant v. STATE BOARD OF MEDICAL
EXAMINERS OF SOUTH CAROLINA, Respondent.

(348 S. E. (2d) 361)

Supreme Court

*Edmund H. Monteith,* of *Monteith & Monteith,* Columbia,
for *appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Stephen S.
Seeling* and *Harold M. Coombs, Jr.,* Columbia, *for
respondent.*

Heard June 9, 1986.

Decided July 21, 1986.

*Per Curiam:*

In this medical disciplinary matter, the circuit court affirmed the findings of fact, conclusions of law, and sanction of the State Board of Medical Examiners (Board). We affirm.

## FACTS

An administrative action was brought against appellant by the Board. A hearing was held before the Medical Disciplinary Commission (Panel) on February 9 and 23, 1983. A final-order hearing was held by the Board on July 8, 1983. The Board requested additional information in this matter. On October 11, 1983 the Board heard additional argument from counsel for both parties and considered the additional information. The Board adopted the findings of fact as certified in the Panel's report and issued its final order on October 18, 1983.

The Board found that during all relevant times, appellant was married and was a licensed practicing physician specializing in obstetrics and gynecology. During February, 1978, appellant made unethical and unprofessional inquiries of and physical contact with a patient under his care by improperly inquiring about her sexual habits and sexual activities with her husband and by touching her pelvic area in an unprofessional manner during her physical examination. Further, the Board found that appellant made unethical and unprofessional telephone calls to this patient in which he tried to get her to engage in sexual relations with him and to commit sexual acts upon herself while talking to appellant on the telephone.

The Board found that during April, 1978, appellant made unethical and unprofessional physical contact with and unethical and unprofessional telephone communications with a second patient. After concluding a pelvic examination of this patient in his office, appellant purposely pressed his lower body against his patient in an indecent manner. Following this office visit, appellant made unsolicited telephone calls to this patient and questioned her about her sexual habits and activities, and tried to persuade her to commit sexual acts upon herself while appellant talked with her on the telephone. During this conversation appellant told this pa-

tient that he was engaging in a sexual act upon himself during the telephone call. Appellant unethically and unprofessionally tried to persuade this patient to have sexual relations with him.

The Board found that between July and August, 1978, appellant made unethical and unprofessional physical contact with a third patient by embracing her in his examination room and pressing his lower body against her in an indecent manner. Appellant thereafter unethically and unprofessionally had intimate physical contact with this patient whom he knew was experiencing a deteriorating marriage.

The Board found that between 1976 and 1978, appellant made unethical and unprofessional telephone communications with a fourth patient by offering to teach this patient the technique of committing a sexual act upon herself while talking with her on the telephone. This offer was unsolicited and without a medical purpose.

Lastly, the Board found that during 1978, appellant was affected by a mental condition which rendered practice by him at that time dangerous to the public. Based on these findings of fact, the Board found that appellant had violated S. C. Code Ann. § 40-47-200(6), (7), (8) and (12) (1976) and S. C. Code Ann. Vol. 26, Regs. 81-60(A), (D) and (J) (1976).

For these egregious acts of misconduct, the Board determined that the appropriate sanction was to indefinitely suspend appellant, immediately stay the suspension, and place him on indefinite probation. Appellant, therefore, was free to continue practicing provided that he report to the Board every six (6) months.[1] Appellant filed a petition for reconsideration in which he asked the Board to dismiss the charges against him or, in the alternative, to amend the sanction to a private reprimand or, in the alternative, to delete the findings of fact and conclusions of law from the final order. The Board denied appellant's petition. Two consent orders signed by a circuit court judge stayed publication of the Board's final order pending judicial review. Subsequently, the circuit court affirmed the Board's final

---

[1] We wish to stress that this Court has no control over the sanction imposed by the Board.

order. The record was sealed pursuant to a consent order pending our disposition of this appeal.

## ISSUES

Appellant first contends that the lower court erred in affirming findings of the Panel which declared that appellant was affected by a mental condition during 1978 which rendered further practice by him dangerous to the public, and on that basis affirming the sanction of the Board. The circuit court, after correctly applying the standard of review set forth in the Administrative Procedure Act, S. C. Code Ann. § 1-23-380 (1976, as amended), determined that the Board's decision was clearly supported by substantial evidence and should be affirmed. The circuit court specifically found that there was ample evidence in the record to demonstrate that during 1978, appellant was affected by a mental condition which rendered further practice by him at that time dangerous to the public. After reviewing the record, we readily agree.

Secondly, appellant argues that even if we affirm the lower court's decision, this Court should enjoin the Board from publishing the findings of fact and conclusions of law contained in its final order. This contention lacks merit. See S. C. Code Ann. § 30-4-50(3) (Supp. 1985) (final opinions are specifically made public information); S. C. Code Ann. § 1-23-350 (1976, as amended) (final decision shall include findings of fact and conclusions of law); 84-61 Op. Att'y Gen. 150 (1984) (under South Carolina's Freedom of Information Act, final order issued in disciplinary proceeding by state licensing board or agency which suspends or revokes a license is public information).

Thirdly, appellant asserts that the circuit court erred in affirming the Board's final order because the Board, at the time it rendered its decision, was unconstitutionally composed pursuant to *Toussaint, M.D. v. State Board of Medical Examiners,* 285 S. C. 266, 329 S. E. (2d) 433 (1985). Prior to the Board's decision, appellant never challenged its composition, nor did he attempt to challenge it before the lower court. Having failed to raise the issue either at the agency level or in the lower court, appellant clearly has waived the issue. *Roche v. South Carolina Alco-*

*holic Beverage Control Commission,* 263 S. C. 451, 211 S. E. (2d) 243 (1975).

For the protection of innocent persons the Circuit Court has heretofore ordered that this record be sealed. It is hereby ordered that the record shall remain sealed except upon order of this Court. The parties to this litigation and their attorneys are also ordered and directed to place all records in their possession under seal and to maintain such records under seal except upon further order of this Court.

Affirmed.